IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY C. HAYES, JR., # K-73159,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-229-MJR |
| ) | |
| **ALLEN MARTIN, MUSTSINGER,** ) | |
| **REEDER, C/O HARRINGTON,** ) | |
| **THEREASE CASTEEL,** ) | |
| **and C/O JOHNSON,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a six-year sentence for burglary. Plaintiff claims that some Defendants fabricated disciplinary charges against him, causing him to lose his prison job and be withdrawn from a class. He was not permitted to make copies of documents, and his grievances were not handled properly.

      Plaintiff describes his claims only in very general terms in the complaint itself (Doc. 1, p. 5). However, he attaches copies of several disciplinary reports, summaries of the results of those disciplinary charges, grievances, and records from his sessions with a mental health professional, which contain some more specific factual information (Doc. 1-1, pp. 8-21, 22-25; Doc. 1-2, pp. 1-9, 14-15, 18-19).

      He claims that Defendant Casteel (law librarian) refused to allow him to make copies of grievances and case law. He filed a grievance against her over this dispute on July 18, 2012 (Doc. 1-2, pp. 14-15). She then retaliated against him by writing him a "made up" ticket

that caused him to lose library privileges for two and one-half months (Doc. 1, p. 5).  Plaintiff does not indicate the date of this ticket or include a copy, but it is mentioned in his mental health notes of May 22, 2013 (Doc. 1-2, p. 15).  As a result of Defendant Casteel's action, he was delayed in filing a court motion, and had some paperwork stolen when he gave it to a law clerk to help with his case.[1]  Plaintiff's exhibits include several printouts indicating that he had lost library privileges for several dates in June, July, and August of 2013 (Doc. 1-2, pp. 10-11).

Next, Plaintiff complains that Defendant Martin (Shawnee Warden) refused to respond to his letter about staff conduct, and allowed the conduct to continue.  Plaintiff does not describe what conduct he objected to in this letter.

He further asserts that Defendants Harrington and Johnson (correctional officers) harassed and retaliated against him by writing fabricated disciplinary report(s) (Doc. 1, p. 5).  This caused Plaintiff to lose his prison job, and to be withdrawn from his auto mechanics class when he was put on disciplinary room restriction.  He claims that the room restriction was not an appropriate punishment for the offense of which he was found guilty.  Plaintiff's exhibits disclose this chronology:

On February 19, 2013, Defendant Harrington charged Plaintiff with a violation of 308-Contraband/Unauthorized property, after discovering a jar of jalapeno peppers in Plaintiff's cell (Doc. 1-1, p. 22-23).  Plaintiff admitted the conduct, and was punished with a 15-day room restriction and a change in job assignment from the kitchen, along with other sanctions.

Plaintiff's mental health notes reflect that he discussed harassment and destructive cell searches by Defendant Johnson on April 25, 2013 (Doc. 1-2, p. 17); unspecified problems with him on May 8, 2013; and an incident where Defendant Johnson forced Plaintiff to leave his

---

[1] Plaintiff includes an affidavit from the law clerk, which states that he was assisting Plaintiff with a motion under 725 Ill. Comp. Stat. 5/2-1401(F) (Doc. 1-1, p. 6).  In his grievance against Defendant Casteel, Plaintiff says he was working on a case to get back a day of missed credit (Doc. 1-2, p. 14-15).

counselor's office where he was discussing the disposition of his grievances on July 3, 2013 (Doc. 1-2, pp. 13, 16).

On October 10, 2013, Defendant Harrington charged Plaintiff with violations of 305-Theft, and 308-Contraband/Unauthorized property, after finding a bag of tortillas in Plaintiff's cell.  Plaintiff pled guilty and was punished with 1 month of C-grade and recreation restriction (Doc. 1-1, p. 25).  Plaintiff's mental health records show he complained that after he got this ticket, Defendant Johnson refused to let him out to go to work, and then called another officer to get Plaintiff fired from the kitchen job (Doc. 1-1, p. 9).

On October 20, 2013, Plaintiff filed a grievance against Defendants Johnson and Harrington, complaining that since he had filed earlier grievances against them, they have harassed him by refusing to allow him to go to work on time and targeting him for cell shakedowns (Doc. 1-2, pp. 5-6).

On November 21, 2013, Defendant Harrington charged Plaintiff with a violation of 308-Contraband/Unauthorized property, after finding seven razors in Plaintiff's property box in his cell.  Plaintiff denied having the razors, but was found guilty and punished with 1 month of C-Grade and recreation restriction (Doc. 1-1, p. 24).

On December 3, 2013, Plaintiff filed two grievances.  One complained that his punishment with a 15-day room restriction[2] was contrary to the Illinois Administrative Code for the offense, and was imposed on him by Defendant Harrington in retaliation for prior grievances he had filed, so that he would be prevented from going to his school assignment and would lose his place in the class (Doc. 1-2, pp. 1-2).  The second complained that on the day he got the

---

[2] Plaintiff's attached mental health records show that he complained of being on a 15-day room restriction in November 2013 following the razor offense (Doc. 1-1, p. 8).  This was not a documented component of the punishment imposed by the Adjustment Committee when Plaintiff was found guilty of possessing the razors (Doc. 1-1, p. 24).

ticket for possessing the seven razors, Defendant Harrington had shaken down his cell in retaliation for earlier grievances Plaintiff had filed against him and Defendant Johnson (Doc. 1-2, pp. 3-4). Defendant Harrington knew Plaintiff was going to start school again, and did the cell search in an attempt to interfere with Plaintiff going to the auto mechanics class. Plaintiff suggests that Defendant Harrington did not actually find the items in his box, but also says "all but three razors was not mind [sic]." *Id*.

Finally, Plaintiff claims that Defendants Mustsinger and Reeder delayed his grievance process by failing to return grievances, some of which were mailed to them and others hand-delivered to them by Plaintiff.

Plaintiff seeks monetary damages for the violations of his constitutional rights.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Retaliation claim against Defendant Casteel, for filing a false disciplinary charge that caused him to lose library privileges after he filed a grievance against her;

**Count 2:** Claim against Defendant Casteel for denial of access to the courts, when Plaintiff's motion was delayed and documents were stolen during the time he had no library privileges;

**Count 3:** Claims for failure to respond to grievances and complaints, against Defendants Martin, Mustsinger, and Reeder;

**Count 4:** Retaliation claim against Defendant Johnson, for targeting Plaintiff for cell shakedowns, interfering with his counselor visit and job and classroom attendance, and causing Plaintiff to be fired, after Plaintiff filed grievances against him;

**Count 5:** Retaliation claim against Defendant Harrington, for targeting Plaintiff for cell shakedowns and interfering with his job and classroom attendance, after Plaintiff filed

grievances against him.

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated colorable federal claims in **Counts 1, 4, and 5**, which shall receive further review. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). An inmate may maintain a retaliation claim that a prison official issued him a fabricated disciplinary ticket after he engaged in protected First Amendment activity, so long as his punishment did not include a loss of good time. *Antoine v. Ramos*, 497 F. App'x 631, 634-35 (7th Cir. 2012).

Although Plaintiff may proceed on his claims in Counts 1, 4, and 5, he may not pursue these claims together in one action. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). While Plaintiff complains of retaliation in each of these counts, it is apparent from his factual allegations that Defendant Casteel's conduct in Count 1 was entirely unrelated to the retaliatory actions of Defendants Johnson and Harrington which the Court has labeled as Counts 4 and 5. (On the other hand, the claims against Johnson and Harrington are related, as they appear to have often acted in concert.)

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the

Court shall sever Counts 4 and 5 of Plaintiff's complaint, and shall open a single new case with a newly-assigned case number for those claims. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on those claims or incur the additional filing fee.

Turning to the claims in **Counts 2 and 3**, the Court concludes that they fail to state a claim upon which relief may be granted. These counts shall be dismissed pursuant to § 1915A.

**Dismissal of Count 2 – Denial of Access to the Courts**

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Plaintiff's loss of access to the law library, in and of itself, did not violate his constitutional rights. But Plaintiff also claims his loss of library privileges caused a delay in filing a motion, apparently to seek credit against his sentence, and led to the theft of paperwork he entrusted to a law clerk on that matter. In order to state a constitutional claim for that delay, Plaintiff must be able to show "some quantum of detriment" to his ability to pursue a meritorious legal claim. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004); *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). A delay in pursuing a claim is not necessarily a detriment of constitutional significance. *Kincaid v. Vail*,

969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.  The complaint herein does not suggest that Plaintiff lost the ability to pursue his claim, or experienced any detriment to that action, as a result of the delay caused by Defendant Casteel.  Likewise, he does not allege that the loss of his legal documents prejudiced his case in any way other than some inconvenience.  Therefore, Plaintiff fails to state a claim upon which relief may be granted for denial of access to the courts.  Count 2 shall be dismissed without prejudice.

**<u>Dismissal of Count 3 – Failure to Respond to Grievances and Complaints</u>**

Defendant Martin's refusal to respond to Plaintiff's letter, and the repeated failure of Defendants Mustsinger and Reeder to answer Plaintiff's grievances, does not violate his constitutional rights.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim").

Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the substantive matters raised in the grievances.  *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).  Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent

constitutional claim. Accordingly, Count 3, and Defendants Martin, Mustsinger, and Reeder, shall be dismissed with prejudice.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **MARTIN, MUSTSINGER,** and **REEDER** are **DISMISSED** from this action with prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's retaliation claims against Defendants Johnson and Harrington (**COUNTS 4 and 5**), which are unrelated to the retaliation claim against Defendant Casteel in Count 1, are **SEVERED** into a new case.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1) This Memorandum and Order
(2) The Original Complaint and Exhibits (Doc. 1 and attachments)
(3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (on or before April 21, 2014). Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $350.00 filing fee** in the new case. Service shall not be ordered on Defendants Harrington and Johnson until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the <u>*only claim remaining in this action is COUNT 1, against Defendant Casteel*</u>. This case shall now be captioned as: **LARRY C. HAYES, JR., Plaintiff, vs. THEREASE CASTEEL, Defendant.**

**IT IS FURTHER ORDERED** that Defendants **HARRINGTON and JOHNSON** are **TERMINATED** from *this* action with prejudice.

As to **COUNT 1,** which remains in the instant case, the Clerk of Court shall prepare for Defendant **CASTEEL** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 17, 2014**

s/ MICHAEL J. REAGAN
United States District Judge
