IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY C. HAYES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-0347-MJR-SCW |
| ) | |
| CHARLES JOHNSON, and ) | |
| CHARLES HARRINGTON, ) | |
| ) | |
| Defendants. ) | |

<u>**MEMORANDUM AND ORDER**</u>

**REAGAN, Chief Judge:**

Larry C. Hayes, Jr. currently is on probation but while incarcerated within this Judicial District, he filed suit in this Court (Case No. 14-cv-0229) alleging that correctional officers violated his federally-secured constitutional rights. On threshold review of Hayes' complaint, the undersigned found that Hayes had stated a cognizable retaliation claim against correctional officer Johnson and a cognizable retaliation claim against correctional officer Harrington. Those claims were mingled in with a host of unrelated allegations. Pursuant to *George v. Smith*, **507 F.3d 605 (7th Cir. 2007)**, the two retaliation claims were severed into the above-captioned case (Case No. 14-cv-0347).

In January 2015, Johnson and Harrington (Defendants) moved for summary judgment on the issue of exhaustion of administrative remedies. In June 2015, the undersigned granted Defendants' motion and dismissed the suit without prejudice, after finding that the uncontested evidence showed that Hayes filed suit before properly exhausting his administrative remedies (Doc. 38, p. 7). Part of the Court's

analysis (i.e., *part* of the reason supporting grant of Defendants' motion) was that Plaintiff had failed to respond to Defendants' exhaustion-based motion. Judgment was entered on June 10, 2015.

On June 29, 2015, Plaintiff Hayes filed a 39-page motion for reconsideration. The motion explains that, in fact, Plaintiff did attempt to file a response opposing Defendants' summary judgment motion. He sent his response to the Clerk's Office with a pleading being filed in the companion case (Case No. 14-cv-0229), but the Clerk's Office erroneously returned the response to Plaintiff thinking he just wanted a file-stamped duplicate copy for his own records. Plaintiff attached his undocketed summary judgment response to the motion to reconsider.

On October 2, 2015, United States Magistrate Judge Stephen C. Williams set a hearing on Plaintiff's motion to reconsider for October 21, 2015 at 1:00 p.m. The notice stated that attendance at the hearing was mandatory (Doc. 42). Plaintiff Hayes did not appear for the October 21, 2015 hearing.

On October 27, 2015, Judge Williams submitted a detailed 11-page Report and Recommendation (Doc. 48, "the Report"). The Report thoroughly analyzes the response Plaintiff endeavored to file to Defendants' summary judgment motion, explains why exhaustion-based dismissal still was required, and recommends that the undersigned District Judge deny Plaintiff's motion to reconsider.

Judge Williams set a deadline by which objections to the Report must be filed. That deadline (November 13, 2015) elapsed without any objection being filed. As of November 16, 2015, no party had objected to the Report and Recommendation.

Accordingly, pursuant to 28 U.S.C. 636(b), the undersigned Judge need not conduct de novo review of the Report and Recommendation. **28 U.S.C. 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn*, **474 U.S. 140 (1985)**; *Johnson v. Zema Systems Corp.*, **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

Accordingly, the Court **ADOPTS** Judge Williams' Report and Recommendation (Doc. 48) in its entirety and **DENIES** Plaintiff's motion to reconsider (Doc. 40).

IT IS SO ORDERED.

DATED November 16, 2015.

                                         **s/Michael J. Reagan**
                                         Michael J. Reagan
                                         United States District Judge